1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  VALERIE E. SMITH (NYBN 5112164)
   Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-6985
6       Facsimile: (415) 436-6748
        valerie.smith2@usdoj.gov
7
   Attorneys for Defendant
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN FRANCISCO DIVISION
11

12  AMAL YOUSSEF KAZZOUH. et al.,          )   CASE NO. 20-cv-2078-JD
                                           )
13          Plaintiff,                     )   **STIPULATION OF SETTLEMENT AND
                                           )   RELEASE AND DISMISSAL WITH
14      v.                                 )   PREJUDICE; [PROPOSED] ORDER**
                                           )
15  UNITED STATES OF AMERICA,              )
                                           )
16          Defendant.                     )
                                           )
17  _____   )

18          Plaintiffs Amal Youssef Kazzouh, Rana Bechara Bayyadi, Bernard Georges Bassil, and Hope for

19  Haight, Inc., d/b/a Amal's Deli ("Plaintiffs") and Defendant United States of America ("Defendant"), by

20  and through the United States Attorney for the Northern District of California, (collectively, the "Parties"),

21  hereby agree and stipulate that the above-captioned case shall be settled and dismissed on the following

22  terms.

23          1.      The parties enter into this Stipulation of Settlement and Release and Dismissal with

24  Prejudice ("Stipulation") in order to make full and final settlement of any and all claims, allegations, or

25  causes of action that Plaintiffs raised or could have raised in this action.  Plaintiffs also agree to accept the

26  terms set forth herein in full satisfaction of any and all claims, demands, rights and causes of action of any

27  nature based upon or related to this cause of action through the date of this Stipulation, including but not

28  limited to all claims asserted or that could have been asserted in the above-captioned civil action.

2.     The parties agree that each party shall bear all of its own litigation costs and attorneys' fees.

3.     The United States Department of Agriculture ("USDA") Food Nutrition Service ("FNS") agrees to alter Plaintiffs' sanction from a permanent disqualification to a civil money penalty ("CMP") of $18,500.00, payable in twenty-four (24) installments. Plaintiffs shall make their first installment payment of $5,000.00 by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the Northern District of California. The first payment is to be made no later than fourteen (14) days after the entry of an order on this Agreement. The remaining payments shall be made on the 14th day of each month thereafter twenty-two (22) payments in the amount of $586.96.50, beginning on May 14, 2021, and the twenty-third (23) and final payment shall be in the amount of $587.10, and using the same method of payment. If Plaintiffs fail to pay any installment of the CMP when any payment is due (with a ten-day grace period), Plaintiffs shall be in default of this Stipulation and agree that:  (a) Plaintiffs' authorization to participate as an authorized retail food store in the Supplemental Nutrition Assistance Program ("SNAP") shall be immediately and permanently withdrawn, commencing the tenth day after the due date of the CMP installment; (b) Plaintiffs waive the right to administrative or judicial review of such permanent withdrawal; and (c) Plaintiffs shall forfeit any portion of the total CMP that Plaintiffs have already paid.

4.     Plaintiffs agree to complete and submit a new application to participate in SNAP within 45 days of entry of the Order dismissing this Action. For the purposes of this new application, and any other applications or re-applications, FNS agrees that it shall not consider Plaintiffs' prior disqualification and/or the administrative action at issue in the above-captioned matter when determining whether Plaintiffs are eligible to participate in SNAP. Plaintiffs further understand and agree that all SNAP eligibility conditions shall apply, including but not limited to compliance store visits, as provided under Section 9 of the Food and Nutrition Act of 2008 (7 U.S.C. § 2018, *et seq*.) and inspections and investigations (7 C.F.R. § 278). If, after review, FNS authorizes Plaintiffs to participate in SNAP, Plaintiffs shall abide by all applicable laws and regulations governing SNAP. A FNS representative will conduct an in-person store visit to evaluate the store's inventory and operations for compliance with SNAP requirements as soon as practicable in light of the coronavirus (COVID-19) pandemic. Plaintiffs agree

1    that FNS's determination of any new application will not be a ground for Plaintiffs to rescind this

2    agreement.

3          5.      Plaintiffs agree to obtain, within thirty (30) days of the Effective Date of this Stipulation,

4    a Collateral Bond/Irrevocable Letter of Credit in favor of FNS in the amount of one thousand dollars

5    ($1,000.00) to ensure that program integrity is protected as provided in the SNAP regulations at 7 C.F.R.

6    § 278.1(b)(4)(i)(D). All terms and conditions are set forth in Exhibit A, which is attached hereto and

7    incorporated by reference. This Collateral Bond/Letter of Credit shall be maintained and remain in full

8    force and effect for a term of three (3) years from the date of issuance. Copies of the Collateral Bond/Letter

9    of Credit should be provided via email to the Office of the United States Attorney for the Northern District

10    of California, and mails to the following address:

11              USDA Food and Nutrition Service
               PO Box 7228 (USPS only)

12              Falls Church, VA 22040

13          6.      Plaintiffs shall comply with, and remain subject to, all applicable laws and regulations of

14    SNAP and shall fulfill their obligations as set forth in this Stipulation including training its store owners,

15    officers, agents, managers, and permanent and temporary workers, whether paid or unpaid, in accordance

16    with the training guidelines available at https://www.fns.usda.gov/snap/retailer/training and at https://fns-

17    prod.azureedge.net/sites/default/files/resource-files/SNAP_General_Training_Responsibilities.pdf.

18    Plaintiffs must submit documentation of training to FNS within thirty (30) days of reauthorization to the

19    Retailer Operations and Compliance Division at the following email: SM.FN.ROCretailreply@usda.gov.

20          7.      Plaintiffs shall display the "SNAP Fraud Poster," available at https://fns-

21    prod.azureedge.net/sites/default/files/SNAP_fraud_poster_desktop_prt.pdf, within Amal's Deli, AKA

22    Hope for Haight/Cedar Deli in a position that is prominent and visible to customers.

23          8.      <u>Dismissal with Prejudice</u>. Execution of this Stipulation and its approval by the Court shall

24    constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

25          9.      <u>Release</u>. As noted in Paragraph 1 above, this Stipulation provides for the full and complete

26    satisfaction of all claims which have been or could have been asserted by Plaintiffs in the above-captioned

27    civil action and in any administrative complaint and/or grievance, including without limitation all claims

28    for costs, attorneys' fees, and interest or other compensation for delay, and Plaintiffs agree not to hereafter

assert any claim or institute or prosecute any civil action or other proceeding against the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein.  Plaintiffs hereby fully and forever release and discharge the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiffs now have or may have arising out of or in connection with any event occurring on or before the date on which they have executed this Stipulation.  In connection with this release, Plaintiffs acknowledge that they are aware that they may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which they now know with respect to the rights and claims released herein.  Nevertheless, Plaintiffs agree, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect any rights or claims that may arise after the date Plaintiffs sign this Stipulation.

10.    No Assignment.  Plaintiffs represent and warrant that they are the sole lawful owner of all of the rights and claims which they have settled and released herein, and that they have not transferred or assigned any of those rights and claims or any interest therein.  Plaintiffs shall indemnify, hold harmless, and defend the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

11.    No Admission of Liability.  This Stipulation has been entered into by Plaintiffs and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation.  Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses.  Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that the United States, the USDA, FNS, or any of their present or former employees or agents violated any of Plaintiffs' rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiffs in connection with this case or otherwise.  This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against the United

States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof. Furthermore, this Agreement is not intended to have any other reciprocal implications or effects upon the Plaintiffs' participation in state programs.

12. <u>Tax Consequences</u>.  Plaintiffs acknowledge that they have not relied on any representations by the United States or its employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of the United States hereunder.  Plaintiffs shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to Plaintiffs.

13. <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

14. <u>Amendments</u>.  The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by both parties.

15. <u>Construction</u>.  The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

16. <u>Headings</u>.  The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

17. <u>Inadvertent Disclosure</u>.  On or around August 19, 2020, Defendant produced a partially redacted copy of the administrative record ("AR") for this case.  On or about September 21, 2020, Defendant produced an unredacted copy of the AR for this case pursuant to a protective order.  Thereafter, Defendant discovered that the AR contained confidential information, including information related to Defendant's Anti-Fraud Locator Using Electronic Benefit Transfer Retailer Transactions ("ALERT") system. Plaintiffs and their counsel agree that the production of the AR constituted an inadvertent

disclosure within the meaning of Federal Rule of Evidence 502(b). Thus, Plaintiffs and their counsel agree to return all copies of the AR to Defendant. In addition, Plaintiffs and their counsel agree to permanently delete or destroy all copies, partial copies, electronic copies, and records of any kind reflecting information from the AR. This includes, but is not limited to, any copies, partial copies, electronic copies, or records of any kind used during a deposition. Plaintiffs and their counsel will certify that they have completed these actions within seven (7) days of the execution of this agreement. Plaintiffs and their counsel agree that production of the AR in this matter does not constitute a waiver of any privilege or protection, and will not be used or relied upon in any way. The parties agree to submit, at the same time as this Settlement Agreement, a joint motion for an order from the Court deeming the disclosure of the AR to be an inadvertent disclosure that is subject to the protections of Federal Rule of Evidence 502.

18.    <u>Severability</u>.  The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

19.    <u>Further Assurances</u>.  Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

20.    <u>Notices</u>.  Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

| If to Plaintiffs: | |
|---|---|
| With a copy to: | Andrew Z. Tapp, Esq.<br>Metropolitan Law Group, PLLC<br>1971 W. Lumsden Road, #326<br>Brandon, FL 33511-8820<br>Email:  Andrew@Metropolitan.legal |
| If to the United States: | United States Attorney's Office<br>c/o Valerie E. Smith<br>Northern District of California<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, CA  94102-3494 |

STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER
20-CV-02078-JD

Email: Valerie.smith2@usdoj.gov

With a copy to:    Marnie G. Ganotis
Office of the General Counsel
U.S. Department of Agriculture
630 Sansome Street, Room 1040
San Francisco, CA 94111-2218
Email: marnie.ganotis@usda.gov

21.    <u>Execution</u>.  This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  A facsimile or other duplicate of a signature shall have the same effect as a manually executed original.

22.    <u>Governing Law</u>.  This Stipulation shall be governed by the laws of the United States without regard to any conflicting choice of law rules.

23.    <u>Binding Effect and Effective Date</u>. This agreement is effective on the date of the signature of the last signatory to the Stipulation ("Effective Date"). Copies of signature shall constitute acceptable, binding signatures for purposes of this Stipulation. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns.  Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

IT IS SO STIPULATED.

DATED: 4/23/2021

_____
AMAL KAZZOUH, *Plaintiff*

DATED: 4/23/2021

_____
RANA BAYYADI, *Plaintiff*

DATED:

_____
BERNARD BASSIL, *Plaintiff*

STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER
20-CV-02078-JD

1  DATED      4/23/2021      _____
                             Hope for Haight, Inc., a California Corp. d/b/a Amal's Deli,
2                            *Plaintiff*

3  DATED:     04/26/2021     _____
4                            ANDREW Z. TADD

5                            *Attorney for Plaintiffs*

6
7                            STEPHANIE M. HINDS
                             Acting United States Attorney
8
   DATED:               By:  _____
9                            VALERIE E. SMITH
                             Assistant United States Attorney
10
11                           *Attorneys for Defendant*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER
20-CV-02078-JD

1

**[PROPOSED] ORDER**

2

     Pursuant to the Parties' Stipulation, it is hereby ordered that:

3

     1.    Defendant's production in this case of materials related to its ALERT system was an

4

inadvertent disclosure under Federal Rule of Evidence 502(d), and shall not waive any privilege or

5

protection in this or any other federal or state proceeding;

6

     2.    This action is dismissed with prejudice with each party to bear their own costs and

7

attorney's fees.

8

IT IS SO ORDERED.

9

10

Dated: __June 10, 2021__

11

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER
20-CV-02078-JD